**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **PETER BASSIL,** | * | |
| **Plaintiff** | * | **CASE NO.** |
| | * | |
| **VERSUS** | * | |
| | * | |
| **NEW ORLEANS HAMBURGER &** | * | **Judge:** |
| **SEAFOOD Co., LLC, and** | * | **Magistrate:** |
| | * | |
| **ABC INSURANCE CO.** | * | |
| **DEFENDANTS** | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT**

NOW COMES Peter Bassil, Plaintiff herein, and by way of complaint, states as follows:

**I.  JURISDICTION AND VENUE**

1.      This action is commenced under the provisions of the 1866 Civil Rights Act, 42 U.S.C. §1988; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* and all other applicable federal and state laws.

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3.       All acts of the Defendant from which Plaintiff's claims arise were carried out within the area of this District Court.  The Plaintiff resides in Louisiana; the Defendant is a domestic company.

4.      This action is brought under Louisiana State law, including Louisiana State statutes protecting against discrimination in the workplace, including La. R.S. 23:301, *et seq.*

Jurisdiction over these claims are proper under 28 U.S.C. §1367, supplemental jurisdiction.

## II. PARTIES

5.   The Plaintiff, Peter Bassil, is a resident of Jefferson Parish, Louisiana. At all times material hereto, he was an employee of the defendants, New Orleans Hamburger and Seafood Company, LLC., NOHSC, LLC, and/or NOHSC Management, LLC.   He is suing for injuries suffered as a result of the acts of the Defendant, which occurred while he was working at its various restaurants.

6.   Upon information and belief, defendants, NOHSC Management, LLC, NOHSC, LLC, and New Orleans Seafood and Hamburger Company, Inc., are related businesses which are domestic companies, registered to do business in Louisiana, and conducting business under the name of "New Orleans Hamburger and Seafood Company" in Metairie, New Orleans, and other cities in Louisiana (collectively "Defendant" or "NOHSC").

7. ABC Insurance Co, which upon information and belief, is the insurer for NOHSC for the acts complained of herein.

## III. FACTS

8.   NOHSC owns and operates a chain of restaurants in Louisiana.

9.   On or about November of 2012, Peter Bassil was hired as a manager at the Mandeville NOHSC restaurant.  Later he worked at various other NOHSC restaurants.

10. Within a year, Bassil was promoted to general manager, then regional manager.  At one point he was called a "multi-unit operator" which was essentially a regional manager.

11.   During his tenure at NOHSC, Bassil was never written up.  He was considered a "fix it" guy, who would often be sent in to locations that were having issues or struggling.

12.   Bassil was well-respected within the company.

13.   At one point in early 2018, Bassil was offered the opportunity to purchase the Mandeville location, while still operating it as a licensed NOHSC establishment. He was the first employee given this opportunity.  That deal ultimately fell through because of issues unrelated to the relationship between NOHSC and Bassil.

14.   When the Mandeville deal fell through, NOHSC decided to close down that location.  At the time, an employee named Jessica Dickerson was working there as a manager.

15.   A regional manager, Kevin McKnight called for a meeting with employees at the Mandeville location to discuss their transfers.  It was Bassil's understanding that Dickerson and another male manager would be transferred to managing positions at other locations.

16.   At the meeting with Dickerson, McKnight informed Dickerson that he did not have a position for her. She ran out of the meeting upset. Bassil was confused since that was not his understanding.

17.   Later, McKnight met with a male manager from the same Mandeville location, and offered him a managing position at another location.

18.   Later in December of 2018 or thereabouts, McKnight called Bassil and made reference to Dickerson suing or making a claim against NOHSC.  He also referenced another female employee Brittany Letellier, making a claim against NOHSC. McKnight discussed with Bassil the early 2018 meeting with Dickerson, and McKnight suggested to Bassil a

different version of what really happened at the meeting.  Bassil told McKnight that was

not his recollection.

19.     Soon after, Bassil received a call from Lori Ohlsson, with Human Resources.  She

wanted to take a statement from Bassil about the Dickerson/McKnight meeting over the

phone. Bassil told the truth about what he witnessed.

20.     Then on January 8, 2019, with no warning, Bassil was called into a meeting. He was

asked to stop by the office on the way to work.  He was told it was about the location he

was operating.

21.     The owner, Gary Weiner, the regional manager, McKnight, and the recently-promoted

CEO, Travis Green were all present at that January 8, 2019 meeting.  Weiner accused

Bassil of starting rumours and speaking badly about Weiner and others.  McKnight told

him that Bassil was the worst manager ever hired, and never made goals.  None of these

things were true. Nonetheless, Bassil was fired at that meeting.

22.     Besides the fact that Bassil was an excellent manager, there were other managers who

were unprofessional and violated federal and state laws and were never fired.  For

example, there were managers who sexually harassed women and not fired; that grabbed

employees, and not fired; that made racial slurs and racist comments, and never fired.

23.     Peter Bassil  timely submitted  charges of discrimination with the Equal Employment

Opportunity Commission ("EEOC").

24.      Bassil agreed to participate in EEOC-sponsored mediation of his charges.  No mediation

was held.

25.     On January 29, 2021, Ms. Bassil was mailed a notice of right to sue letter from the

EEOC.

## IV.  CAUSES OF ACTION.

26.    Besides protecting against unlawful discrimination, Title VII protects against retaliation for protected activities.  This is intended to protect those that avail themselves of the protection of the law, and the witnesses that come forward or are called upon. Without this protection it would be difficult for co-workers to assist in promoting a fair and discrimination-free environment.   Peter Bassil engaged in protected activities as noted herein, and the acts of the Defendant, in particular, Bassil's termination, constitute unlawful retaliation under Title VII.

## V.  INJURIES TO THE PLAINTIFF

27.    Certain of the acts and conduct of the Defendant were committed willfully and with reckless disregard for Plaintiff's rights.

28.    As a direct and proximate result of the acts of the Defendant complained of herein, Plaintiff has suffered emotional distress, mental anguish, loss of civil rights, loss of income.

29.    All of the above acts and conduct of the Defendant constitute violations of Plaintiff's rights to be free from retaliation under 42 U.S.C. 2000e, and constitute violations of federal laws, and applicable state laws.

## VI.  JURY DEMAND

31.  Plaintiff asks for trial by jury of all matters to which he is entitled by law.

## VII.  PRAYER

WHEREFORE, Plaintiff prays as follows:

a)      for compensatory damages for Plaintiff's emotional distress, economic losses, physical injuries, and loss of civil rights;

b)      for punitive and exemplary damages under statutory authority and under common law for the outrageous conduct of the Defendant in an amount that shall be determined according to the wealth of the Defendant;

c)      for attorneys' fees and costs of suit, and for all other legal and equitable relief as this Court finds appropriate.

Respectfully submitted:


*Law Office of Alexandra Mora*
*A Professional Law Corporation*


By its attorney:



_____
*Alexandra E. Mora*
*La Bar No. 23535*
862 Camp Street
New Orleans, LA 70130
E-mail:  amora@alexmora.com
Tel. No. (504) 566-0233;  Cell No. (504) 232-2889
Facsimile No. (504) 566-8997
*Attorney for Plaintiff*



**SERVICE BY WAIVER**